IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE L. CARPER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF NEBRASKA and MICHAEL G. HEAVICAN, Honorable Chief Justice, Nebraska Supreme Court,<br><br>　　　　　Defendants. | 4:14CV3060<br><br>ORDER |

　　　This matter is before the court on the *pro se* plaintiff's Motions in Support for Reconsideration (Filing Nos. 19 and 21). The plaintiff filed briefs (Filing Nos. 20 and 22) in support of the motions. The court previously denied the plaintiff's Motion for Stipulation for Quick Resolution. **See** Filing No. 18 - Order. The court noted the relief the plaintiff sought, while unclear, was unavailable. *Id.* The plaintiff seeks reconsideration of her motion; however, her motions for reconsideration are similarly unclear.

　　　To the extent the plaintiff's motion is a motion under Federal Rule of Civil Procedure 60, reconsideration is appropriate where the movant shows entitlement to relief under at least one of the following conditions:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void,
> (5) the judgment has been satisfied . . .; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[R]elief under rule 60(b)(6) remains 'an extraordinary remedy' for 'exceptional circumstances.'" *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013) (**citing** *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989) ("Such relief is to be granted only when exceptional

circumstances prevented the moving party from seeking redress through the usual channels.")).

The court has reviewed the plaintiff's initial motion, motions for reconsideration, and the briefs in support of the motions. The plaintiff has not shown relief is warranted under any section of Rule 60(b). For the reasons explained in the court's prior order, the court will not compel any discovery and cannot compel removal of a case to federal court. **See** Filing No. 18 - Order. Additionally, the plaintiff appears to make arguments against the defendant's pending motion to dismiss. The plaintiff previously made the same arguments in opposition to the motion to dismiss and does not need to repeat the arguments. **See** Filing No. 8 - Motion to Deny Dismissal; Filing No. 9 - Brief in Support of Motion to Deny Dismissal. Regardless, the plaintiff may not use a Rule 60(b) motion to raise new arguments, if any, which her prior motion did not address. Accordingly,

**IT IS ORDERED**:

The plaintiff's Motions in Support for Reconsideration (Filing Nos. 19 and 21) are denied.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 11th day of July, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge